IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


WILLIE L. SAMS,

    Plaintiff,

vs.                                 CASE NO. 1:06CV64-MMP/AK

MICHAEL J. ASTRUE,[1]
**Commissioner of Social Security**

    Defendant.

_____/


**REPORT AND RECOMMENDATION**

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications for disability insurance benefits (DIB) under Title II of the Act and supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

A.   **PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI on July 3, 2003, alleging a disability onset date of January 7, 2003, because of high blood pressure with headaches, dizziness, and ringing in his head and ears.  Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on May 20, 2005, and entered an unfavorable decision on August 26, 2005. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

B.   **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff had severe impairments: low grade disequilibrium, vertigo, loss of balance and depression, but that these impairments did not meet any of the requirements of the Listing of Impairments.  (R. 23).  The ALJ also found that Plaintiff's subjective complaints were not entirely credible because the medical record does not support any disabling symptomology.  (R. 19).  Thus, the ALJ found him capable of performing a light exertional level of work with restrictions in climbing stairs, working around moving machinery, heights, climbing, driving, or more than occasional balancing, stooping, crouching, kneeling or crawling.  (R. 24).   He was also restricted to work requiring simple, repetitive tasks, and working in a low stress environment.  (R. 24).  The ALJ found that these restrictions precluded Plaintiff's past relevant work, but that utilizing the services of a vocational expert, he concluded that there were a number

**No. 1:06CV64-MMP/AK**

of jobs which Plaintiff could still perform such as toll collector, cashier, parimutuel ticket cashier, and office helper.  (R. 24).

**C.      ISSUES PRESENTED**

Plaintiff argues that the ALJ erred in rejecting the opinion of his treating physicians, specifically the opinion of Dr. James Smith; and the ALJ erred in not posing a hypothetical to the vocational expert that included all of his subjective complaints and all of his impairments.

The government responds that the ALJ properly expressed his reasons for discrediting the opinion of Dr. Smith, specifically finding that his responses to a form inquiry that Plaintiff had marked limitations was not supported by treatment notes and inconsistent with the opinion of the specialist Dr. Smith referred Plaintiff to, who found nothing remarkable about Plaintiff's condition.  Further, Plaintiff's use of over the counter medication does not support marked pain and the fact that Dr. Smith did not prescribe more powerful pain medication did not support his own findings.  The MRI did not show any neurological disease.  As far as the hypothetical to the vocational expert, the ALJ is not required to include limitations that he does not find credible.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**No. 1:06CV64-MMP/AK**

**D.     STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an

adequate basis for it to determine whether proper legal principles have been observed requires reversal.  Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary.  Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work.  If Plaintiff establishes that his impairment keeps him

**No. 1:06CV64-MMP/AK**

from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

### E. SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY

Plaintiff reports headaches, pain and dizziness "all day every day" for which he takes Excedrin and Extra Strength Tylenol. (R. 89).

Treatment records from Shands Health Care and Dr. James Smith show an admission for an appendectomy on January 7, 2003, from which he was released to light duty for 4 weeks. (R.112-141). He was treated later for ringing in his ears and a headache for which he was referred to an ENT specialist. (R. 122). An MRI revealed "anterior inferior cerebellar artery abutting the left AP nerve" (R. 121), but it was determined that this was a "common normal variant" and "no evidence of neurosurgical disease" was noted and he was referred back to ENT for medical treatment of "tinnitus and vertigo." (R. 115). He was treated for these conditions with Valium, which had

**No. 1:06CV64-MMP/AK**

potential benefits in treating these conditions, although Plaintiff was advised that tinnitus was hard to treat and may not be permanently eliminated. (R. 112-113).

Dr. Smith completed a Clinical Assessment of Pain form marking that Plaintiff had marked pain that restricted his activities in marked to moderate levels for which he took over the counter Tylenol or Excedrin and was advised to rest in a quiet room. (R. 158-163).

The report from Dr. Baynard Miller, Department of Neurology, to Dr. Smith dated January 21, 2005, indicates that upon referral by Dr. Smith, Dr. Miller performed several tests which were normal, had an MRI which was deemed to show only an anatomical variant with no significance, and that Dr. Miller had suggested to Plaintiff that he may not improve, but that he should seek vocational rehabilitation since social security disability would be unlikely for him. (R. 164-167).

Two Physical Residual Functional Capacity forms are in the file which both conclude that Plaintiff could perform light work activity with some postural and environmental restrictions. (R. 142-149; 150-157).

## F. **SUMMARY OF THE ADMINISTRATIVE HEARING (held on May 20, 2005)**

Plaintiff alleges a disability onset date of January 7, 2003 (the date of his appendectomy). (R. 170-171, 178). He was born on August 9, 1959, and has a high school education. (R. 172, 176). His tinnitus causes sounds in his ears "as if you're in a swamp and crickets and things like that." (R. 179). He also has dizziness and headaches which get him down and come out of nowhere putting him "in a loop" that

**No. 1:06CV64-MMP/AK**

lasts for about three to five minutes. (R. 180). These spells occur about a dozen times a day. (R. 182). His headaches occur about three times a week. (R. 182). His doctors currently have him on no medication, except for his high blood pressure. (R. 183). Dr. Smith prescribed him Valium, but it did not work, and three other drugs, which did not work. (R. 184). Plaintiff lives with his mother currently and she does most everything around the house. (R. 187-188). The vocational expert was asked to assume an individual who could carry 10 pounds frequently, 20 pounds occasionally, with a sit/stand option, no stairs, no duties requiring bilateral manual dexterity for gross and fine manipulation, no hazards, no climbing, only occasional balancing, stooping, crouching, kneeling and crawling. (R. 198). The expert stated that Plaintiff could not perform his past relevant work, but could perform a number of jobs in the national economy with these restrictions (see ALJ decision supra for list). ( R. 199). When asked to eliminate jobs that require driving, the expert eliminated "investigator." (R. 199). When the attorney added marked pain and inability to complete a full work day to the hypothetical, the expert stated that no jobs could be performed. (R. 201).

## G.   DISCUSSION

The Court has reviewed the record and finds substantial support for the ALJ's findings as reflected in the medical record summarized above. Plaintiff has no condition documented by objective tests that would warrant pain or limitation sufficiently severe enough to preclude employment at the light level. As the Commissioner noted in his memorandum, the ALJ fully articulated his reasons for discrediting the opinion of Dr.

Smith expressed in the form questionnaire and for discrediting Plaintiff's allegations of pain. Further, the ALJ was not required to include in his hypothetical conditions or limitations he did not find severe, which he did. There is no merit to any of the grounds asserted by the Plaintiff for reversal or remand.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this  *12th*  day of June, 2007.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:06CV64-MMP/AK**